# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WEG ELECTRIC CORP., | Court File No. 16-CV-471 (DSD/LIB) |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANT MICHAEL PETHERS TO PLAINTIFF'S COMPLAINT** |
| MICHAEL PETHERS, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Defendant Michael Pethers ("Defendant"), for his Answer to the Complaint of Plaintiff WEG Electric Corp. ("Plaintiff"), states that, except as hereinafter specifically admitted or alleged, Defendant denies each and every fact and allegation contained in the Plaintiff's Complaint and thereby puts Plaintiff to its strictest proof.

1. Defendant denies the allegations made in Paragraph 1 of the Complaint.

2. Defendant denies the allegations made in Paragraph 2 of the Complaint.

3. Defendant denies the allegations made in Paragraph 3 of the Complaint.

4. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 4 of the Complaint and therefore denies those allegations.

5. With respect to Paragraph 5 of the Complaint, Defendant admits that he presently resides at 16405 Wintergreen Street, NW, Andover, Minnesota 55304, that the last title he held at WEG during his employment was identified as a Territory Account

Manager, and that he is currently employed by a Toshiba entity. Defendant denies the remaining allegations made in Paragraph 5 of the Complaint.

6. Defendant denies the allegations made in Paragraph 6 of the Complaint.

7. Defendant denies the allegations made in Paragraph 7 of the Complaint.

8. Defendant admits the allegations made in Paragraph 8 of the Complaint.

9. Defendant denies the allegations made in Paragraph 9 of the Complaint.

10. Defendant denies the allegations made in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 11 of the Complaint and therefore denies those allegations.

12. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 12 of the Complaint and therefore denies those allegations.

13. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 13 of the Complaint and therefore denies those allegations.

14. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 14 of the Complaint and therefore denies those allegations.

15. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 15 of the Complaint and therefore denies those allegations.

16.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 16 of the Complaint and therefore denies those allegations.

17.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 17 of the Complaint and therefore denies those allegations.

18.     With respect to the allegations made in Paragraph 18 of the Complaint, to the extent such allegations claim to describe certain generalized varieties of documents as "proprietary," Defendant affirmatively states that such allegation asserts a legal conclusion to which no response is possible or required. To the extent a response is required, Defendant denies the allegations made in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations made in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations made in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations made in Paragraph 21 of the Complaint.

22.     Defendant admits the allegations made in the first and second sentences of Paragraph 22 of the Complaint. With respect to the allegations made in the third sentence of Paragraph 22 of the Complaint, to the extent such allegations claim to describe certain generalized varieties of documents as "trade secrets" or "confidential," Defendant affirmatively states that such allegations assert a legal conclusion to which no response is possible or required. To the extent a response is required, Defendant denies the allegations made in the third sentence of Paragraph 22 of the Complaint.

23. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 23 of the Complaint and therefore denies those allegations.

24. With respect to the allegations made in Paragraph 24 of the Complaint, Defendant admits that the duties listed were tasks that Defendant undertook at WEG. Defendant lacks knowledge and information sufficient to form a belief about the truth as to whether the duties listed fell within his "primary responsibility" or were his "essential duties" as set forth in Paragraph 24 of the Complaint, and therefore denies those allegations.

25. Defendant admits the allegations made in Paragraph 25 of the Complaint.

26. Defendant admits the allegations made in Paragraph 26 of the Complaint.

27. Defendant denies the allegations made in Paragraph 27 of the Complaint.

28. Defendant denies the allegations made in Paragraph 28 of the Complaint.

29. Defendant denies the allegations made in Paragraph 29 of the Complaint.

30. Exhibit A to the Complaint speaks for itself and Defendant denies any allegations inconsistent with Exhibit A.

31. With respect to the allegations made in Paragraph 31 of the Complaint, Exhibit B to the Complaint speaks for itself.

32. With respect to the allegations made in Paragraph 32 of the Complaint, Exhibit B to the Complaint speaks for itself.

33. With respect to the allegations made in Paragraph 33 of the Complaint, Exhibit C to the Complaint speaks for itself. In all other respects, Defendant lacks

knowledge and information sufficient to form a belief about the truth as to the allegations made in Paragraph 33 of the Complaint, and therefore denies those allegations.

34. With respect to the allegations made in Paragraph 34 of the Complaint, Exhibit D to the Complaint speaks for itself.

35. Defendant denies the allegations made in Paragraph 35 of the Complaint.

36. Defendant admits the allegations made in the first sentence of Paragraph 36 of the Complaint. Defendant denies the allegations made in the second sentence of Paragraph 36 of the Complaint.

37. Defendant denies the allegations made in Paragraph 37 of the Complaint.

38. Defendant admits the allegations made in the first sentence of Paragraph 38 of the Complaint. With respect to the second sentence of Paragraph 38 of the Complaint, Defendant admits that Toshiba competes with WEG, and affirmatively states that many other companies also compete with WEG. However, Defendant lacks knowledge sufficient to form a belief about the truth of Plaintiff's allegations that Toshiba is a "direct" competitor of WEG, and therefore denies the same. Defendant admits the allegations made in the third sentence of Paragraph 38 of the Complaint.

39. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 39 of the Complaint and therefore denies those allegations.

40. With respect to Paragraph 40 of the Complaint, Defendant denies that he retained one or more of WEG's trade secrets at any time. Defendant lacks knowledge and

information sufficient to form a belief as to when Plaintiff first gained information leading to this lawsuit and therefore denies those allegations.

41. With respect to the allegations made in Paragraph 41 of the Complaint, Exhibit E to the Complaint speaks for itself. Defendant denies all other allegations made in Paragraph 41 of the Complaint.

42. With respect to the allegations made in the first sentence of Paragraph 42 of the Complaint, Exhibit E to the Complaint speaks for itself. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in the second sentence of Paragraph 42 of the Complaint and therefore denies those allegations.

43. Defendant denies the allegations made in Paragraph 43 of the Complaint.

44. Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 44 of the Complaint and therefore denies those allegations.

45. With respect to the allegations made in Paragraph 45 of the Complaint, Exhibit F to the Complaint speaks for itself.

46. With respect to the allegations made in Paragraph 46 of the Complaint, Defendant admits he sent the email appended as Exhibit G to the Complaint. Defendant further affirmatively states that he did not understand what Plaintiff's counsel was demanding, which led him to respond as he did.

47. With respect to the allegations made in Paragraph 47 of the Complaint, Defendant admits that he accurately and truthfully stated he could not access the

DropBox account, and denies all remaining allegations made in Paragraph 47 of the Complaint. Defendant has provided Plaintiff with sole access to the DropBox account.

48.    Defendant denies the allegations made in Paragraph 48 of the Complaint.

49.    On information and belief, Defendant admits Toshiba sent a letter and thumb drive to Plaintiff. Such materials speak for themselves.

50.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations surrounding what WEG "understands from Toshiba," as made in Paragraph 50 of the Complaint, and therefore denies those allegations.

51.    Defendant denies the allegations made in Paragraph 51 of the Complaint.

52.    Defendant denies the allegations made in Paragraph 52 of the Complaint.

53.    Defendant denies the allegations made in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations made in Paragraph 54 of the Complaint.

55.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 55 of the Complaint and therefore denies those allegations.

56.    Defendant denies the allegations made in Paragraph 56 of the Complaint.

57.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 57 of the Complaint and therefore denies those allegations.

58.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 58 of the Complaint, including the

meaning or proper interpretation of Exhibit H. Defendant therefore denies the allegations made in Paragraph 58.

59.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 59 of the Complaint and therefore denies those allegations.

60.   Defendant denies the allegations made in Paragraph 60 of the Complaint.

61.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 61 of the Complaint and therefore denies those allegations.

62.   Defendant denies the allegations made in Paragraph 62 of the Complaint.

63.   Defendant denies the allegations made in Paragraph 63 of the Complaint.

64.   Defendant denies the allegations made in Paragraph 64 of the Complaint.

65.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 65 of the Complaint and therefore denies those allegations.

66.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in the first sentence of Paragraph 66 of the Complaint and therefore denies those allegations. Defendant denies the allegations made in the second sentence of Paragraph 66 of the Complaint.

67.   Defendant denies the allegations made in Paragraph 67 of the Complaint.

68.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in the first sentence of Paragraph 68 of the

Complaint as to what WEG understands, and therefore denies those allegations. Defendant admits the allegations made in the second sentence of Paragraph 68 of the Complaint.

69. Defendant denies the allegations made in Paragraph 69 of the Complaint.

70. Defendant denies the allegations made in Paragraph 70 of the Complaint.

71. Defendant denies the allegations made in Paragraph 71 of the Complaint.

## COUNT I

72. Defendant alleges and incorporates by reference all foregoing paragraphs of this pleading as if set forth herein.

73. Defendant admits that the allegations made in Paragraph 73 of the Complaint sets forth the statutory citation to of the Minnesota Uniform Trade Secrets Act ("MUTSA"), which speaks for itself.

74. Defendant denies the allegations made in Paragraph 74 of the Complaint.

75. Defendant denies the allegations made in Paragraph 75 of the Complaint.

76. Defendant denies the allegations made in Paragraph 76 of the Complaint.

77. Defendant denies the allegations made in Paragraph 77 of the Complaint.

78. Defendant denies the allegations made in Paragraph 78 of the Complaint.

79. Defendant denies the allegations made in Paragraph 79 of the Complaint.

## COUNT II

80. Defendant alleges and incorporates by reference all foregoing Paragraphs of this Answer as if set forth herein.

81. Paragraph 81 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations made in Paragraph 81 of the Complaint and therefore denies those allegations.

82. Defendant denies the allegations made in Paragraph 82 of the Complaint.

83. Defendant denies the allegations made in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint is unclear, but appears to set forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations made in Paragraph 84 of the Complaint.

85. Defendant denies the allegations made in Paragraph 85 of the Complaint.

86. Defendant denies the allegations made in Paragraph 86 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred or limited because Plaintiff does not suffer irreparable harm.

### Third Affirmative Defense

Plaintiff's claims may be barred or limited because they are moot.

### Fourth Affirmative Defense

Plaintiff's claims are barred or limited because Plaintiff has an adequate remedy at law.

### Fifth Affirmative Defense

Plaintiff's claims are barred or limited because there are no damages and/or actual loss.

### Sixth Affirmative Defense

Plaintiff's claims are barred or limited because there is no enrichment to Defendant.

### Seventh Affirmative Defense

Plaintiff's claims are barred because they are brought in bad faith.

### Eighth Affirmative Defense

The Court lacks subject matter jurisdiction to decide Plaintiff's claims.

### Ninth Affirmative Defense

Plaintiff's claims are barred or limited because Plaintiff has unclean hands and/or has engaged in the conduct it complains of.

### Tenth Affirmative Defense

Plaintiff's claims may be barred or limited under the doctrines of laches, estoppel, or waiver.

### Eleventh Affirmative Defense

Plaintiff's claims are barred or limited by Defendant's claims for attorneys' fees and costs.

### Twelfth Affirmative Defense

Plaintiff's claims are barred or limited by Plaintiff's failure to mitigate damages.

### Thirteenth Affirmative Defense

As a separate and alternative affirmative defense to Plaintiffs' Complaint, Defendant alleges that the claims contained in Plaintiff's Complaint may be barred by any or all of the affirmative defenses contemplated by the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred by one or more of said

11

defenses, not specifically set out above, cannot be determined until the Answering Defendants have had an opportunity to complete discovery. Therefore, the Answering Defendants incorporate all said affirmative defenses as fully set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant Michael Pethers prays as follows:

1. Plaintiff's Complaint, and all claims therein, be dismissed in its entirety with prejudice;

2. Plaintiff pays Defendant his reasonable costs and expenses, including attorneys' fees; and

3. For whatever additional relief this Court deems just and proper.

|  |  |
|---|---|
|  | **DANIELS & KIBORT, PLLC** |
| Dated: March 17, 2016 | By: /s/ Kristin L. Kingsbury |
|  | Christopher M. Daniels (MN ID#271809) |
|  | Kristin L. Kingsbury (MN ID#0346664) |
|  | Joshua P. Brotemarkle (MN ID#0386581) |
|  | 14225 Highway 55 |
|  | Plymouth, Minnesota 55447 |
|  | Telephone: (763) 201-1209 |
|  | Fax: (763) 201-1216 |
|  | Email: cdaniels@danielskibortlaw.com |
|  | kkingsbury@danielskibortlaw.com |
|  | jbrotemarkle@danielskibortlaw.com |
|  | **Attorneys for Defendant Michael Pethers** |